**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ZYTAX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2582 |
| | § | |
| | § | |
| GREEN PLAINS RENEWABLE ENERGY, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Zytax, Inc. sued Green Plains Renewable Energy, Inc. for breach of contract.  Zytax alleged that Green Plains failed to pay for software and services relating to compliance with energy regulations in various states.  In its pleadings, Green Plains admitted that it has not paid Zytax for its products and services.  Green Plains alleged that the parties' contract is unenforceable because of mutual mistake and misrepresentations made by Zytax.  Green Plains counterclaimed for fraud, misrepresentation, mutual mistake, and breach of contract.  Zytax has moved to dismiss the counterclaims under Rule 12(b)(6) and to strike several of Green Plains' affirmative defenses under Rule 12(f).  (Docket Entry No. 16).  Green Plains has responded to the motion to dismiss and to strike.  (Docket Entry No. 20).  Zytax has replied.  (Docket Entry No. 21).

Based on the motion, response, and reply; the pleadings; and the applicable law, this court grants the motion to dismiss, without prejudice.  Green Plains may amend its answer by **June 18, 2010**.  The reasons are explained below.

**I.      Background**

Green Plains produces, markets, and sells ethanol products throughout the United States. This business is subject to federal and state regulation, licensing requirements, and taxation. The states impose varying requirements. In its answer, Green Plaints alleged that failing to comply with applicable regulatory, licensing, and tax requirements could result in "fines, penalties and sanctions, as well as the potential cessation of business in those jurisdictions." (Docket Entry No. 8, ¶ 29).

In the fall of 2008, Green Plains began discussions with Zytax about buying software that would help Green Plains with compliance issues. Green Plains alleged in its answer that "Zytax represented that its software would enable [Green Plains] to become fully compliant with all regulatory compliance obligations through it fully automated software" and that Zytax represented that it "would tailor its software and services to ensure compliance with all relevant taxing and regulatory jurisdictions and implement within thirty (30) days." (*Id.*, ¶ 34). According to Green Plains, Zytax held itself out as providing "a comprehensive tax solution" with special expertise in alternative energy regulation. (*Id.*, ¶¶ 31-32).

According to Green Plains, Zytax evaluated the business and identified a need for steps to ensure compliance in 17 different jurisdictions. Zytax and Green Plains reached an agreement under which Green Plains would purchase Zytax software to use in meeting compliance obligations in these jurisdictions. Green Plains agreed to pay Zytax a software license fee of $7,000 per jurisdiction and an annual maintenance fee of $2,100 per jurisdiction. (*Id.*, ¶¶ 35-36). The parties later amended the agreement to add six new jurisdictions at the same rates, "based upon the representations of Zytax concerning the necessity of adding the additional jurisdictions." (*Id.*, ¶ 37). Zytax invoiced Green Plains a total of $242,045 for its software and services. (*Id.*, ¶ 38).

Green Plains alleged that it soon "began to question Zytax's purported 'expertise' as it related to alternative fuels." (*Id.*, ¶ 40). One reason was Zytax's improper preparation and late filing of tax documents that Green Plains had hired it to file with the State of Tennessee. This late filing subjected Green Plains to $90,000 in fines, which Green Plains was able to have waived after explaining the situation. Green Plains alleged that it began contacting the individual jurisdictions to verify information provided by Zytax and learned that Zytax made false representations with respect to Green Plains's regulatory obligations in ten jurisdictions. Green Plains allegedly learned that "it was required to file licenses" in only ten of the twenty-three jurisdictions. (*Id.*, ¶ 39-42). According to the allegations, "Zytax initially acknowledged the error" but "thereafter refused to remove the misrepresented jurisdictions from the Agreement, or to reduce the software license and maintenance fees." (*Id.*, ¶ 43). Green Plains alleged that Zytax installed the software on only one laptop computer, provided none of the passwords that would allow Green Plains to access the software, and provided no instructions on using the software. Green Plains alleged that it never used the software. (*Id.*, ¶ 44).

Based on these allegations, Green Plains asserted eight affirmative defenses:

• Zytax's claims are barred because it did not substantially perform its contractual obligations;

• the Agreement is unenforceable for lack of consideration;

• the Agreement is unenforceable due to "mistake of fact related to Zytax's misrepresentation of its ability to perform the Agreement by providing software and services promised therein";

• the Agreement may be rescinded due to lack of consideration;

• "[t]he Agreement is subject to rescission due to the fraudulent misrepresentation of facts made by Zytax relating to the number of jurisdictions for which [Green Plains] allegedly had to obtain licenses, and relating to the quality, competency, accuracy, and utility of its products and services";

- the Agreement may be rescinded due to negligent misrepresentation of the same issues;

- Zytax's lawsuit is barred by unclean hands; and

- the Agreement is unenforceable because Zytax fraudulently induced Green Plains to sign.

(*Id.*, ¶¶ 19-26).

Green Plains also counterclaimed on the following grounds:  fraudulent or negligent misrepresentation; failure of consideration; mutual mistake of fact; and breach of contract.  Green Plains sought a declaratory judgment on all four grounds.

As to misrepresentation, Green Plains alleged that "Zytax fraudulently or negligently misrepresented the number of jurisdictions [Green Plains] was required to obtain licenses in for the express purpose of inducing [Green Plains] to enter into an Agreement to purchase software licenses from Zytax." (*Id.*, ¶ 47).  Green Plains also alleged that Zytax knew or should have known that the statements were false when made, failed to exercise reasonable care in obtaining or communicating information about the software, acted knowingly with the intent to deceive and a reckless disregard for the truth, and knew or should have known that Green Plains would rely on the statements. Finally, Green Plans alleged that it did reasonably rely on Zytax's representations when signing the Agreement. (*Id.*, ¶¶ 48-52).

To support the counterclaim for lack of consideration, Green Plains alleged that Zytax provided false information about the number of jurisdictions in which a license was required, which led to Zytax providing no valuable services in some jurisdictions for which Green Plains had agreed to pay.  Green Plains also alleged that Zytak's software was not useable and that Zytax "failed to deliver the expertise and experience it alleged that it possessed."  (*Id.*, ¶¶ 53-57).

4

The third counterclaim count, mutual mistake of fact, was based on similar allegations. Green Plains alleged that "Zytax provided false, inaccurate information to [Green Plains] concerning the scope of its licensing requirements." Green Plains claimed that it would not have engaged Zytax had it known accurate information. (*Id.*, ¶¶ 58-61).

In support of the fourth counterclaim, breach of contract, Green Plains alleged that, if an enforceable contract existed, Zytax breached it by making misrepresentations, failing to supply conforming software, and failing to provide the promised expertise. (*Id*, ¶¶ 62-64).

Zytax moved to dismiss the counterclaim as well as the affirmative defenses based on fraud and mistake. (Docket Entry No. 16). Zytax argues that the fraud and mistake allegations were not pleaded with the particularity required by Rule 9 of the Federal Rules of Civil Procedure and that the counterclaims "do nothing more than rehash [Green Plains'] affirmative defenses." (*Id.* at 1). Green Plains has responded, (Docket Entry No. 20), and Zytax has replied, (Docket Entry No. 21). The arguments are discussed below.

## II.    The Applicable Legal Standards

### A.    Rule 8 and Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

5

support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974).

In *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65);

*see also S. Scrap Material Co. v. ABC Ins. Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**B.      Rule 9 and Rule 12(b)(6)**

Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).  The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams*, 112 F.3d at 177.  In *Iqbal*, the Court acknowledged that while Rule 9 requires pleading with particularity "when pleading 'fraud or mistake,'" it allows "'[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'"  *Iqbal*, --- U.S. ----, 129 S. Ct. at 1954 (alterations in original) (quoting FED. R. CIV. P. 9(b)); *see also, Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally.").

"To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud.**"** *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).  In *Iqbal*, 129 S. Ct. at 1954, the Court explained that term "generally," as used in Rule 9, "is a relative term."  The Court stated that "[i]n the context of Rule 9, ['generally'] is to be compared to the particularity requirement applicable to fraud or mistake," that "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard," and that Rule 9 "does not

8

give [a party] license to evade the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 129 S. Ct. at 1954 (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, at 291 (3d ed. 2004)).  "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

> **C.      Rule 12(f)**

A motion to strike material from a pleading is made under Rule 12(f), which allows a court to strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted.  If it does not involve a purportedly insufficient defense, it simply tests whether a pleading contains inappropriate material.  When a Rule 12(f) motion to strike challenges the sufficiency of an affirmative defense, the standards for a Rule 12(f) motion to strike and a Rule 12(b)(6) motion to dismiss are "mirror image[s.]"  *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 332 (N.D.N.Y.2003) (internal quotation marks and citations omitted); *see also Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1358 (5th Cir. 1983); *Doe v. Roman Catholic Diocese of Galveston-Houston*, No. H-05-1047, 2006 WL 2413721, at *2 (S.D. Tex. Aug. 18, 2006); *Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.*, No. Civ. 3:04-CV-2711-H, 2005 WL 615747, *5 (N.D. Tex. Mar. 16, 2005).  A Rule 12(f ) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Motions to strike under Rule 12(f) are disfavored.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); *see also* 5C

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d. ed.).

## III.    Analysis

### A.    The Sufficiency of Fraud and Mistake Allegations

The first issue is whether the counterclaims and affirmative defenses alleging fraud and mistake have been pleaded with the particularity required by Rule 9.  To plead fraud successfully, Green Plains must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

Green Plains alleged several representations by Zytax:  that "Zytax represented that its software would enable [Green Plains] to become fully compliant with all regulatory compliance obligations"; that it "would tailor its software and services to ensure compliance"; that it would provide a "comprehensive tax solution"; that it had expertise in alternative energy regulation; and that compliance steps were required in 23 jurisdictions.  Green Plains stated that those statements were inaccurate, in whole or in part.  But Green Plains did not describe, with particularity, the specific representations or the facts that eventually showed them to be false.  Green Plains has not, for example, alleged what Zytak stated about the taxation requirements in the different jurisdictions or what information Green Plains later obtained that led it to realize that Zytax had been incorrect about those requirements.  Even if the general allegations about Zytax's statements were sufficient, Green Pains has not identified when, where, or by whom the statements were made.  This falls far short of the particularity required by Rule 9.

The allegations of scienter on the fraud counterclaim and affirmative defenses are also insufficient.  Although knowledge and intent may be pleaded generally, "legal conclusions, elements of a cause of action and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."); *Argeropoulos v. Exide Techs.*, No. 08-CV-3760 (JS), 2009 SL 2132443, at *6 (E.D.N.Y. Jul. 8, 2009) ("Even before *Iqbal*, the federal rules required a plaintiff to do more than just plead 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'").  Green Plains has pleaded only legal conclusions.  The fraud pleadings fall short of the Rule 9 standard, as developed in the case law.  The fraud-based counterclaim is dismissed, and the fraud-based affirmative defenses are stricken, both without prejudice to filing an amended pleading.

The affirmative defense and counterclaim based on mistake also fail the Rule 9 test.  These allegations, which focus on the argument that the contract resulted from mistake because of Zytax's false statements, are based on the same general set of facts as the fraud allegations.  Green Plains has not identified specific fraudulent statements or why those statements were incorrect.  It has not alleged any specific facts about who made the representations leading to the mistake or when or where those representations were made.  The mistake-based counterclaim is dismissed, and the mistake-based affirmative defense is stricken, both without prejudice to filing an amended pleading.

B.     **Repetitiveness of Counterclaims**

11

Zytax also argues that Green Plains's counterclaims should be dismissed because they are repetitive of affirmative defenses.  The counterclaims seek declaratory judgments that Zytax made fraudulent or negligent misrepresentations, that there was a lack of consideration, that there was a mistake of fact, and that the parties' contract was breached.  Green Plains has also asserted affirmative defenses on all of those bases.  Green Plains argues that dismissal is inappropriate because the counterclaims seek different relief than the affirmative defenses.  Green Plan points out that in its counterclaims, in addition to declaratory relief, it sought court costs, attorney's fees, and unspecified other relief.  On the breach of contract counterclaim, Green Plains also sought damages.

"[A] motion for declaratory judgment that merely restates a party's defenses is insufficient unless the party can prove that there are issues of greater ramification to be resolved."  *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No. 3:05-cv-1883-P, 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006) (quoting *Albritton Prop. v. Am. Empire Surplus Lines*, No. 3:04-CV-2531-P, 2005 WL 975423, at *3 (N.D. Tex. Apr. 25, 2005)); *see also Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, 612 F. Supp. 2d 759, 768 (S.D. Tex. 2007).   Dismissing counterclaims is appropriate when they do not seek relief different from the defendant's affirmative defenses.  *See Symetra*, 612 F. Supp.2d at 768; *Regus Management Group, LLC v. IBM Corp.*, No. 3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008) ("In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit."); *see also United States v. Forest Dale, Inc.*, 818 F. Supp. 954, 971 (N.D. Tex. 1993) (dismissing a declaratory judgment action asserted by the defendants against a third-party defendant because "the issues upon which Defendants seek a declaration are necessarily ones which will be addressed in [the] main action").

Under Texas law, which applies in this diversity action, a prevailing party may recover reasonable attorney's fees "in addition to the amount of a valid claim and costs, if the claim is for," among other things, "rendered services," "furnished material," or "an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001.  Fees are recoverable by defendants who succeed on appropriate counterclaims.  *Graybar Electric Co., Inc. v. LEM & Associates, L.L.C.*, 252 S.W.3d 536, 548-49 (Tex.App–Houston [14th Dist.] 2008, no pet.).  Fees are not recoverable, however, for successfully defending a claim without seeking affirmative relief.  *Ventana Invs. v. 909 Corp.*, 879 F. Supp. 676, 678 (E.D. Tex. 1995); *see also DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003) (citing *Ventana* with approval).  Green Plains might be able to obtain different relief on its counterclaims than on its affirmative defenses if the counterclaims fall within the attorney's fees statute.

"To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)).  Green Plains does not seek damages on the counterclaims based on fraud and misrepresentation, failure of consideration, or mutual mistake.  There is no basis for recovering attorney's fees on these claims.  These counterclaims merely restate affirmative defenses without seeking different relief or raising different issues.  If the affirmative defenses are successful in proving the contract unenforceable or subject to rescission on the grounds of fraud, misrepresentation, failure of consideration, or mutual mistake, there is no need for a declaratory judgment to the same effect.

Green Plains does seek damages on its breach of contract counterclaim.  This could provide Green Plains with two forms of relief not available on its affirmative defenses, money damages and attorneys' fees.  But Green Plains has not alleged any facts to support a claim for damages.  Green Plains has admittedly not paid Zytax for its software licenses or other services.  Green Plains has not alleged that it had to pay another provider additional amounts to do Zytax's work, that it had to pay any regulatory penalties as a result of Zytax's breach, or that it suffered any other damages caused by Zytax's breach.  As pleaded, the breach of contract counterclaim does not seek relief different from what Green Plains will obtain if it prevails on its affirmative defense for failure to substantially perform.  The counterclaims are repetitive of the affirmative defenses and are dismissed on this basis, without prejudice.

## IV.     Conclusion

Zytax's motion to dismiss is granted.  The counterclaims are dismissed, without prejudice to repleading.  The motion to strike Green Plains' third, fifth, and eighth affirmative defenses is also granted, without prejudice to repleading.  Green Plains may file an amended pleading consistent with this opinion no later than **June 18, 2010.**

SIGNED on May 28, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

14